# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| Donald Koester, *et al.*, | ) | |
| | ) | No. 2:19-cv-02283-SHL-jay |
| Plaintiffs, | ) | |
| | ) | Judge Lipman |
| v. | ) | |
| | ) | Magistrate Judge York |
| USAA General Indemnity Company, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Fred Juhnke Colby, | ) | |
| | ) | No. 2:19-cv-2736-SHL-jay |
| Plaintiffs, | ) | |
| | ) | Judge Lipman |
| v. | ) | |
| | ) | Magistrate Judge York |
| USAA Casualty Insurance Company | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiffs Donald Koester, John Chase, Earnest Lee, Charles McCaleb a/k/a Charles Smith, and Fred Colby ("Plaintiffs") respectfully move the Court for an order certifying this case as a class action solely for purposes of settlement, and further ordering final approval in accordance with the terms and conditions set forth in the proposed Final Approval Order. Defendants United Services Automobile Association ("USAA"), USAA Casualty Insurance Company ("USAA CIC"), USAA General Indemnity Company ("USAA GIC") and Garrison Property and Casualty Insurance Company

("Garrison") (collectively, "Defendants") will not oppose this motion for final approval of a settlement.[1]

For purposes of final approval of the settlement, the parties seek final certification of the following Settlement Class provisionally certified by the Court on May 4, 2020 (Dkt. 61, at ¶ 4):

> All Class Members within either the Tennessee Settlement Class or Mississippi Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendants and their officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").
>
> "Tennessee Settlement Class" means all policyholders, except for Exclusions, under any homeowners residential property insurance policy issued by Defendants who made:  (a) a Structural Loss claim for property located in the State of Tennessee during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> "Mississippi Settlement Class" means all policyholders, except for Exclusions, under any homeowners residential property insurance policy issued by Defendants who made:  (a) a Structural Loss claim for property located in the State of Mississippi during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> The Class Periods mean the following time periods:
>
> - For Tennessee USAA GIC policyholders, Structural Loss claims with dates of loss on or after May 1, 2017, but excluding claims arising under new policies or renewals (policy inception dates) issued on or after July 1, 2017.

---

[1] As Paragraph 1.9 of the Settlement makes clear, however, Defendants deny liability and absent settlement intend to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

- For Tennessee USAA CIC policyholders, Structural Loss claims with dates of loss on or after October 28, 2017, but excluding claims arising under new policies or renewals (policy inception dates) issued on or after July 1, 2017.

- For Tennessee USAA and Garrison policyholders, Structural Loss claims with dates of loss on or after January 7, 2018, but excluding claims arising under new policies or renewals (policy inception dates) issued on or after July 1, 2017.

- For Mississippi USAA GIC and USAA policyholders, Structural Loss claims with dates of loss on or after August 21, 2016, but excluding claims arising under new policies or renewals (policy inception dates) issued on or after November 1, 2017.

- For Mississippi USAA CIC and Garrison policyholders, Structural Loss claims with dates of loss on or after January 7, 2017 but excluding claims arising under new policies or renewals (policy inception dates) issued on or after November 1, 2017.

In support, the parties submit the following:

1.      To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for approval of a settlement class are satisfied.

2.      Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because the class includes 1,602 claims at issue or potentially at issue, and multiple class members (*e.g.*, spouses) can share a single claim.

3.      Commonality under Rule 23(a)(2) is satisfied for a proposed settlement class because there are questions of law or fact common to all members of the proposed class including

but not limited to the single, predominating question presented—*i.e.*, whether Defendants can withhold labor as depreciation under Defendants' property policies.

4.      Typicality under Rule 23(a)(3) is satisfied for a proposed settlement class because Plaintiffs made claims under their standard-form insurance policies issued by Defendants, and Defendants withheld labor in making actual cash value payments to Plaintiffs. The proposed class representatives' claim arose from the underpayment of their actual cash value claim, and their claim is identical in all respects to the claims of the putative class.

5.      Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiffs have fairly and adequately represented and protected the interests of the putative class. Plaintiffs have no interest that conflicts with those of the class. Further, they retained experienced counsel competent and experienced in class action and insurance litigation.

6.      As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendants' policies as well attendant claims for extracontractual relief.  Superiority is satisfied for a settlement class because of, *inter alia*, the thousands of small value claims at issue and the interests of the parties and judicial economy favor settlement.

7.      Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is Class Action Settlement Agreement filed on April 20, 2020. Dkt. 60-3.

8.      Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the

settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees.  These factors largely mirror the factors analyzed by the Sixth Circuit.  *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2018 WL 4520931, at \*6 (6th Cir. May 24, 2018).

9.      As more fully set forth in the accompanying Memorandum and supporting Declaration, the Settlement is appropriate for final approval.  In summary, the Settlement provides for relief to: (1) Tennessee Class Members equal to 100% of the amount of labor withholdings; (2) Mississippi Class Members equal to 80% of the amount of labor withholdings, on a claims made basis, plus interest. Additionally, Tennessee and Mississippi Class Members from whom non-material depreciation may have been initially withheld, but was subsequently repaid in full (*i.e.*, through receipt of replacement cost benefits), and who submit a Claim Form, will receive a net payment reflecting 5% simple interest during the time period of withholding.

10.     The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement Agreement.  In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the systemic practice of withholding labor as depreciation). All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

11.     The settlement was reached through arms-length settlement negotiations, as attested to by Plaintiffs' counsel in the accompanying Declarations.

WHEREFORE, for these reasons and those set forth the accompanying Memorandum, Plaintiffs respectfully move for an order consistent with the proposed Final Approval Order previously filed with the Court (Dkt. 60-8, PageID.1185-1199).


Dated:  August 26, 2020                        Respectfully submitted,

                                               By: *s/ J. Brandon McWherter*
                                               J. BRANDON McWHERTER - #21600
                                               MCWHERTER SCOTT & BOBBITT, PLC
                                               341 Cool Springs Blvd, Suite 230
                                               Franklin, TN  37067
                                               (615) 354-1144
                                               brandon@msb.law

                                               ERIK D. PETERSON (admitted *pro hac vice*)
                                               MEHR, FAIRBANKS & PETERSON
                                                TRIAL LAWYERS, PLLC
                                               201 West Short Street, Suite 800
                                               Lexington, KY 40507
                                               (859) 225-3731
                                               edp@austinmehr.com

                                               T. JOSEPH SNODGRASS (admitted *pro hac vice*)
                                               LARSON • KING, LLP
                                               30 East Seventh St., Suite 2800
                                               St. Paul, MN  55101
                                               (651) 312-6500
                                               jsnodgrass@larsonking.com

                                               ***Class Counsel***

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing was filed electronically and that notice of this filing will be sent electronically via the Court's electronic filing system on this the 26th day of August, 2020 to all counsel of record:

George ("Buck") Lewis
Nicole D. Berkowitz
Baker Donelson
First Tennessee Building
165 Madison Avenue
Memphis, TN 38103

Mark A. Johnson
Rodger Eckelberry
Marissa A. Peirsol
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ J. Brandon McWherter*

1980199