# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| Donald Koester, *et al.*, | ) | |
| | ) | No. 2:19-cv-02283-SHL |
| Plaintiffs, | ) | |
| | ) | Judge Lipman |
| v. | ) | |
| | ) | Magistrate Judge York |
| USAA General Indemnity Company, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Fred Juhnke Colby, | ) | |
| | ) | No. 2:19-cv-2736-SHL-jay |
| Plaintiff, | ) | |
| | ) | Judge Lipman |
| v. | ) | |
| | ) | Magistrate Judge York |
| USAA Casualty Insurance Company | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL TO KOESTER CLASS ACTION AND COLBY ACTION SETTLEMENT AND PLAINTIFFS' MOTIONS FOR SERVICE AWARDS AND AWARDS OF ATTORNEYS' FEES, COSTS AND EXPENSES TO CLASS COUNSEL

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 64; Case No. 19-2736, ECF No. 35), filed August 27, 2020, Defendants' Separate Memorandum in Support of Final Approval of Proposed Class Settlement (ECF No. 67; Case No. 19-2736, ECF No. 38), filed August 28, 2020, and Plaintiffs' Unopposed Motion for Service Awards and Awards of Attorneys' Fees, Costs, and Expenses to Class Counsel (ECF No. 65; Case No. 19-2736, ECF No. 36). The claims of Representative Plaintiffs Donald Koester, John Chase, Earnest Lee, Charles McCaleb a/k/a Charles Smith, and Fred Colby ("Representative Plaintiffs") against United Services Automobile Association ("USAA"), USAA Casualty

Insurance Company ("USAA CIC"), USAA General Indemnity Company ("USAA GIC") and Garrison Property and Casualty Insurance Company ("Garrison") (collectively, "Defendants"), have been settled pursuant to the Stipulation and Settlement Agreement dated April 20, 2020 (the "Agreement").  On May 4, 2020, the Court granted preliminary approval of the proposed class action settlement set forth in the Agreement (the "Settlement") and provisionally certified the Settlement Class for settlement purposes only.

On September 4, 2020, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether judgment should be entered dismissing the Representative Plaintiffs' claims on the merits and with prejudice, including the claims of Class Members who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel and service awards to the Representative Plaintiffs.

Furthermore, upon review and consideration of the Motion for Final Approval of Class Action Settlement of Representative Plaintiffs with Defendants, including the parties' Stipulation and Settlement Agreement dated April 20, 2020 (the "Agreement") and all exhibits thereto, as well as the Motion for Service Awards and Awards of Attorneys' Fees, Costs, and Expenses to Class Counsel, and having been fully advised in the premises, it is **HEREBY ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. The terms and conditions in the Agreement that was attached to the motion for Preliminary Approval filed with the Court are hereby incorporated as though fully set forth in this Judgment, and unless otherwise indicated, capitalized terms in this Judgment shall have the meanings attributed to them in the Agreement.

2.       The Court has personal jurisdiction over Representative Plaintiffs, Defendants, and Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and the Court has jurisdiction to enter this Judgment. Without in any way affecting the finality of this Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, construction, and interpretation of the Agreement and of this Judgment.  Further, this Court hereby retains jurisdiction to protect, preserve, and implement the Agreement, including, but not limited to, enforcement of the releases contained in the Agreement, and to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement.

3.       The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions.  The Settlement was reached after the Parties had engaged in extensive and multiple settlement negotiation sessions.  Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement, considering the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial and any appeals that might be taken, and the likelihood of success.

4.       The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b) have been satisfied for settlement purposes in that:  (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Representative Plaintiffs and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement

Class for purposes of the Settlement; (e) the questions of law and fact common to Class Members predominate over any questions affecting any individual Class Member; (f) the Settlement Class is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Accordingly, and pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class.

5. Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies the Settlement Class for settlement purposes only, as identified in the Settlement Agreement, which shall be defined as follows:

> All Class Members within either the Tennessee Settlement Class or Mississippi Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendants and their officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").
>
> "Tennessee Settlement Class" means all policyholders, except for Exclusions, under any homeowners residential property insurance policy issued by Defendants who made: (a) a Structural Loss claim for property located in the State of Tennessee during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> "Mississippi Settlement Class" means all policyholders, except for Exclusions, under any homeowners residential property insurance policy issued by Defendants who made: (a) a Structural Loss claim for property located in the State of Mississippi during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> The Class Periods mean the following time periods:

For Tennessee USAA GIC policyholders, Structural Loss claims with dates of loss on or after May 1, 2017, but excluding claims arising under new policies or renewals (policy inception dates) issued on or after July 1, 2017.

For Tennessee USAA CIC policyholders, Structural Loss claims with dates of loss on or after October 28, 2017, but excluding claims arising under new policies or renewals (policy inception dates) issued on or after July 1, 2017.

For Tennessee USAA and Garrison policyholders, Structural Loss claims with dates of loss on or after January 7, 2018, but excluding claims arising under new policies or renewals (policy inception dates) issued on or after July 1, 2017.

For Mississippi USAA GIC and USAA policyholders, , Structural Loss claims with dates of loss on or after August 21, 2016, but excluding claims arising under new policies or renewals (policy inception dates) issued on or after November 1, 2017.

For Mississippi USAA CIC and Garrison policyholders, Structural Loss claims with dates of loss on or after January 7, 2017 but excluding claims arising under new policies or renewals (policy inception dates) issued on or after November 1, 2017.

6.  Pursuant to Fed. R. Civ. P. 23(g) the Court appoints the law firms of Mehr, Fairbanks & Peterson, McWherter Scott Bobbitt PLC, and Larson King, LLP as Class Counsel for the Settlement Class.

7.  The Court also designates Representative Plaintiffs Donald Koester, John Chase, Earnest Lee, Charles McCaleb a/k/a Charles Smith, and Fred Colby as the representatives of the Settlement Class.

8.  The Court makes the following findings with respect to Class Notice to the Settlement Class:

   a. The Court finds that the Class Notice, the establishment of an automated toll-free interactive voice response phone system, and the Settlement website, all as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, their right to object or to exclude

5

themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with all legal requirements, including the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

    b. Class Counsel has filed with the Court a declaration from Rust Consulting, the independent third-party Settlement Administrator for the Settlement, establishing that the Class Notice and Claim Form were mailed to Class Members on June 19, 2020, the Settlement website was established on June 19, 2020, and the telephone line available for Class Members to call was available beginning June 19, 2020. Adequate notice was given to the Settlement Class in compliance with the Settlement Agreement and the Preliminary Approval Order.

9. Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Class Notice and on the Settlement website. The Court finds that the individual interests of the one (1) person who timely sought exclusion from the Settlement Class are preserved and that no person was precluded from being excluded from the Settlement Class if desired. Charlotte M. Burns timely and properly excluded herself from the Settlement Class, through the submission attached as Exhibit 1.

10. Defendants have complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, *et seq.*, in connection with the proposed Settlement.

11. Pursuant to the Preliminary Approval Order, any objections to the Settlement were to have been submitted no later than August 3, 2020. There have been no objections to the Settlement.

12. Class Members who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Judgment, to Class Counsel's application for fees, costs, and expenses, or to the service awards to the Representative Plaintiffs, in accordance with the procedure set forth in the Class Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

13. The terms and provisions of the Agreement, including all Exhibits thereto, have been entered into in good faith and, pursuant to Fed. R. Civ. P. 23(e), are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, Class Members. The Court hereby enters judgment approving and adopting the Settlement and the Agreement, fully and finally terminating the Released Claims of Representative Plaintiffs and the Settlement Class in this Action and in the Colby Action against Defendants, on the merits and with prejudice.

14. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees and expenses in the total amount of Seven Hundred Eighty Thousand dollars ($780,000.00), payable by Defendants pursuant to the terms of the Agreement. The Court also awards service awards in the amount of $5,000 each to Representative Plaintiffs Donald Koester, John Chase, Earnest Lee, Charles McCaleb a/k/a Charles Smith, and Fred Colby, payable by Defendants pursuant to the terms of the Agreement. Defendants shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto of attorneys' fees and expenses awarded by the Court.

15. The terms of the Agreement, including all Exhibits thereto, and of this Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in and on, all Released Claims by Representative Plaintiffs and each Class Member who did not timely and properly

exclude himself or herself from the Settlement Class, as well as each of their respective heirs, beneficiaries, administrators, successors, and assigns, and all other Releasing Persons.

16. The Releases set forth in Section 9 of the Settlement Agreement, are incorporated herein in all respects and are effective as of the entry of this Judgment. The Released Persons are forever released, relinquished, and discharged by the Releasing Persons, including all Class Members who did not timely exclude themselves from the Settlement Class, from all Released Claims (as that term is defined below and in the Settlement Agreement).

    a. Although the definitions in the Agreement are incorporated and a part of this Judgment, for avoidance of doubt and ease of reference, some of those definitions are repeated as follows:

        i. "ACV Payment" means an actual cash value payment made on an insurance claim for a Structural Loss, calculated by estimating the replacement cost value of covered damage, and subtracting estimated depreciation, including Nonmaterial Depreciation, and any applicable deductible.

        ii. "Affiliate" of any entity means any person or entity which controls, is controlled by, or is under common control with such entity directly or indirectly. The term "control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an entity, whether through the ownership of voting securities, by contract or otherwise, and the terms "controlled" and "controlling" have meanings correlative thereto.

        iii. "Covered Loss" means a first party insurance claim for Structural Loss, as defined below, that (a) occurred during the Class Periods, (b) Defendants or a court of competent jurisdiction determined to be a covered loss under a Tennessee or Mississippi homeowners insurance policy issued by Defendants, and (c) resulted in an ACV Payment by Defendants, or would have resulted in an ACV Payment but for the deduction of Nonmaterial Depreciation.

        iv. "Depreciation" means an estimated amount subtracted from replacement cost value to calculate actual cash value in making an ACV Payment, reflecting the age, condition, wear and tear and/or obsolescence of item(s) of damaged property.

        v. "Effective Date" means the first date on which all of the following conditions have occurred: (a) all Parties have executed this Agreement; (b) no party has terminated the Agreement; (c) the Court has entered the Preliminary Approval

        Order; (d) the Court has entered a Final Judgment approving the Agreement and the Proposed Settlement, releasing all of the Released Persons from all of the Released Claims, and dismissing the Action with prejudice and without leave to amend; and (e) the Final Judgment has become Final.

vi. "Final" means, with respect to a judgment or order that: (a) the time has expired to file an appeal, motion for reargument, motion to alter or amend judgment, motion for rehearing, petition for a writ of certiorari or other motion or writ ("Review Proceeding") with no such Review Proceeding having been filed; or (b) if a Review Proceeding has been filed, (I) the judicial ruling or order has been affirmed without modification and with no further right of review, or (II) such Review Proceeding has been denied or dismissed with no further right of review, in all cases so as to permit the implementation of the Proposed Settlement in accordance with and without material change to this Agreement.

vii. "Nonmaterial depreciation" means Depreciation of labor costs, overhead and profit, or other non-labor items, and not of materials or sales tax, and that is subtracted from replacement cost value in determining an ACV Payment. Nonmaterial Depreciation includes application of "depreciate removal", "depreciate nonmaterial", and "depreciate O&P" settings within Xactimate estimating software.

viii. "Released Persons" means, individually and collectively, (a) USAA GIC, USAA, USAA CIC, Garrison and all independent adjusting companies acting for those entities; and (b) all of the past and present Affiliates, successors and predecessors in interest, assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, underwriters, advisers, insurers, co-insurers, re-insurers, consultants, vendors, independent contractors, and legal representatives of the Persons listed in subsection (a).

ix. "Releasing Persons" means Representative Plaintiffs, all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

x. "Structural Loss" means physical damage to a home, building, manufactured home, condo, farm/ranch, rental dwelling, or other structure in the State of Tennessee or the State of Mississippi while covered by a homeowners residential property insurance policy issued by Defendants.

b. Representative Plaintiffs and each Class Member, shall, by operation of the Final

Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released,

relinquished, and discharged Defendants and all other Released Persons from any and all claims, Unknown Claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising from a loss during the Class Periods, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and punitive or exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or federal, state or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, that any of the Representative Plaintiffs or Class Members have or may have had against any of the Released Persons that relate to, concern, arise from, or pertain in any way to:

    i. Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss;

    ii. any and all claims that were or could have been brought pertaining to the calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation in the adjustment and/or payment of any Covered Loss;

    iii. the allegations and claims contained in any complaint or amended complaint in the Action or the Colby Action concerning the alleged systematic practice of deducting Nonmaterial Depreciation through the use of estimating software; and

    iv. any alleged conspiracy in connection with the matters described in subsections (i-(iii).

("Released Claims").  Released Claims do not include claims under any coverages other than for loss or damage to structures or buildings.  Further, Released Claims do not apply to Class

Members' claims for replacement cost benefits under Structural Loss insurance claims that are made after the date of Preliminary Approval and determined pursuant to the terms and conditions of policies of insurance.

      c. In agreeing to the foregoing Releases, Representative Plaintiffs, for themselves and on behalf of Class Members, explicitly acknowledge that Unknown Claims could possibly exist and that any present losses may have been underestimated in amount or severity. Representative Plaintiffs or any Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims or the law applicable to such claims may change. Nonetheless, Representative Plaintiffs and each Class Member expressly agree that he/she/they shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims. Further, Representative Plaintiffs and Class Members agree and acknowledge that they are bound by the Settlement Agreement, including by the Releases, and that all of their claims in Action asserted against Defendants shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist or whether present losses may have been underestimated in amount or severity, and even if they never received actual notice of the Settlement or never received a Claim Settlement Payment. The Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

      d. In connection with the foregoing Releases, the Representative Plaintiffs and each Class Member shall be deemed, as of the entry of this Judgment, to have waived any and all

provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Tennessee law to govern the Settlement Agreement—Representative Plaintiffs agree, and each Class Member is deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. Representative Plaintiffs recognize, and each Class Member will be deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of this Final Judgment, they fully, finally, and forever settle and release any and all Released Claims

  e. This Judgment does not release and determine: (i) claims arising after the Effective Date; (ii) claims for valuation or payment of a Covered Loss under any residential homeowners, manufactured home, condo, dwelling or rental property insurance policies issued by Defendants not related to the withholding of payment for Nonmaterial Depreciation; and (iii) Class Members' rights and obligations under the Agreement.

  f. Representative Plaintiffs and Class Counsel have represented and warranted that there are no outstanding liens or claims against the Action or the Colby Action and have

acknowledged that Representative Plaintiffs and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Action or Colby Action.

 g. Representative Plaintiffs and each Class Member is deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

 h. The Releases do not affect the rights of persons in the Settlement Class who timely and properly submitted a request for exclusion.

 i. The Agreement shall be the exclusive remedy for all Class Members with regards to the Released Claims.

17. Neither the Agreement, the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Judgment, nor any of its terms and provisions, nor any pleadings, motions, or other document related in any way to the Agreement shall be:

 a. Construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by Defendants or any Released Persons;

 b. Offered or admitted into evidence in the Action or in any other proceeding in support of or in opposition to a motion to certify a contested class against Defendants or any Released Persons;

 c. Offered or admitted into evidence in the Action or in any other proceeding as an admission or concession of liability or wrongdoing by Defendants or Released Persons;

 d. Offered or received in evidence in any action or proceeding against any Defendants or of the Released Persons in any court, administrative agency, or other tribunal for any

13

purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases or this Judgment.

18. If the Effective Date does not occur, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the addition of Garrison as a defendant to the Action in the Preliminary Approval Order shall be void *ab initio*, so that Garrison will be as if it was never added as a defendant.

19. This Judgment and the Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person in order to support any argument, defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

20. Representative Plaintiffs and all Class Members and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, maintaining, or participating in (as parties, class members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any Released Claims against any Released Persons, and from organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit regarding any Released Claims against any Released Persons, and providing that any person in violation of the injunction may be subject to

sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.

21. Within 10 days after the Effective Date, Representative Plaintiffs and Class Members shall dismiss with prejudice all Released Claims asserted in any actions or proceedings that have been brought by or involve any Class Member in any jurisdiction, including but not limited to the Colby Action.

22. The Released Claims of Representative Plaintiffs Donald Koester, John Chase, Earnest Lee, Charles McCaleb a/k/a Charles Smith, and Fred Colby, individually and on behalf of the Settlement Class, are hereby settled, compromised, and dismissed on the merits and with prejudice against Defendants without fees (including attorneys' fees) or costs to any party except as otherwise provided in this Judgment.

23. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by Orders of this Court. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement, as may be modified by the Preliminary Approval Order or this Judgment.

24. Pursuant to Rule 54(b), the Court hereby enters Final Judgment as described herein and expressly determines that there is no just reason for delay. Without impacting the finality of this Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Agreement and this Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

**IT IS SO ORDERED,** this 21st day of September, 2020.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                UNITED STATES DISTRICT JUDGE